# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS MEAT, LLC, | No. 4:22-CV-01572 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| INZL CORPORATION, | |
| Defendant, | |

## MEMORANDUM OPINION

**MARCH 31, 2023**

## I. BACKGROUND

In October 2022, Nicholas Meat, LLC ("Nicholas Meat") filed a complaint against INZL Corporation ("INZL") alleging a violation of the Carmack Amendment, 49 U.S.C. § 14706.[1] That same month, INZL was served with the complaint through an individual designated by law to accept service of process on behalf of INZL.[2] To date, INZL has failed to respond to the complaint in any manner. In November 2022, Nicholas Meat moved for an entry of default against INZL,[3] and default was subsequently entered by the Clerk of Court.[4]

---

[1] Doc. 1.
[2] Doc. 5.
[3] Doc. 6.
[4] Doc. 7.

In November 2022, Nicholas Meat filed this motion for default judgment and, later that month, filed its brief in support of that motion.[5] INZL has not responded, and the motion is now ripe for disposition. For the following reasons, the motion will be granted.

## II. DISCUSSION

### A. Whether Default Judgment is Warranted

Federal Rule of Civil Procedure 55 allows the District Court to enter default judgment upon application by a party.[6] "Generally, the entry of a default judgment is disfavored, and a court is required to exercise sound judicial discretion in deciding whether to enter default judgment."[7] "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)."[8]

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."[9] "But when a defendant has failed to appear or respond in any fashion to

---

[5] Docs. 8, 9.
[6] Fed. R. Civ. P. 55(b)(2).
[7] *Kibbie v. BP/Citibank*, 2010 WL 2573845 at *2 (M.D. Pa. June 23, 2010).
[8] 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2685 (Apr. 2020 Update).
[9] *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

2

the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c)."[10] In cases where a defendant fails to appear, courts may enter default judgment "based solely on the fact that the default has occurred."[11]

A consideration of those factors favors a grant of default judgment. First, Nicholas Meat would be prejudiced by its "current inability to proceed with [its] action due to [INZL's] failure to defend."[12] INZL's decision to not respond to the complaint would otherwise prevent Nicholas Meat from recovering any damages for its claim. Similarly, the second factor weighs in favor of default judgment. "[INZL] has not responded to the allegations and, thereby, has failed to assert a defense."[13] Finally, there does not appear to be any excuse for INZL's failure to respond to the complaint. After Nicholas Meat initiated this action, it properly served INZL with the complaint through an individual designated by law to accept service of process on behalf of INZL.[14] Having received the complaint, INZL has yet to respond. Because INZL has offered no explanation for its failure to respond, the Court finds

---

[10] *Deutsche Bank Nat. Trust Co. v. Strunz*, 2013 WL 122644 at *1 (M.D. Pa. Jan. 9, 2013).
[11] *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n. 9 (3d Cir.1990).
[12] *Broadcast Music, Inc. v. Kujo Long, LLC*, 2014 WL 4059711 at *2 (M.D. Pa. Aug. 14, 2014).
[13] *Pesotski v. Summa & Iezzi, Inc.*, No. 1:17-CV-00221, 2017 WL 3310951, at *3 (M.D. Pa. Aug. 3, 2017).
[14] Doc. 5.

that INZL is culpable.[15] Therefore, the Court finds that default judgment is appropriate given the circumstances.

However, a finding that default judgment is warranted "is not the end of the inquiry."[16] The Court must further consider whether the "unchallenged facts constitute a legitimate cause of action."[17] Although defaulting parties do not concede conclusions of law, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[18] Nicholas Meat has filed a single claim asserting a violation of the Carmack Amendment. The Court will therefore consider whether the allegations contained in the complaint, taken as true, adequately state such a claim against INZL.

### B. Whether the Allegations Sufficiently State a Claim Under the Carmack Amendment

The facts alleged in the amended complaint, which the Court must accept as true for the purposes of determining whether INZL has stated a claim, are as follows.

In March 2022, Nicholas Meat and its customer, Golden State Foods Corporation ("GSFC"), entered into an agreement wherein GSFC agreed to purchase from Nicholas Meat 42,577 pounds of beef at a price of $123,470.30.[19] Thereafter, Nicholas Meat—through its transportation broker—hired INZL to transport the load

---

[15] *See Laborers Local Union 158 v. Shaffer*, 2011 WL 1397107 (M.D. Pa. Apr. 13, 2011).
[16] *Martin v. Nat'l Check Recovery Servs., LLC*, 2016 WL 3670849 at *1 (M.D. Pa. July 11, 2016).
[17] *Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp.2d 537, 541 (E.D. Pa. 2008).
[18] *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).
[19] Doc. 1 ¶¶ 10, 15.

of beef from Nicholas Meat's facility in Pennsylvania to GSFC's location in Alabama.[20]

At the time that Nicholas Meat entrusted the beef to INZL for transportation, that beef "was in good condition"[21] and, on March 18, 2022, "INZL issued a straight bill of lading for the" shipment.[22] On March 19, 2022, INZL's tractor-trailer that was transporting the shipment to GSFC "was involved in an accident while in transit that resulted in the tractor-trailer overturning on a highway and skidding off the road some 30-40 feet."[23] As a result of this accident, the beef that was being delivered to GSFC was damaged and "determined to be a total loss."[24] Because the beef was entirely lost and not delivered to GSFC, Nicholas Meat suffered actual losses amounting to $123,470.30—the amount that GSFC would have paid Nicholas Meat for the beef.[25] INZL's insurance underwriter eventually denied Nicholas Meat's claim for compensation.[26]

With regard to whether those facts set forth a claim under the Carmack Amendment, the United States Court of Appeals for the Third Circuit has repeatedly noted that, since the enactment of the Carmack Amendment in 1906, to establish a *prima facie* case under that statute, "a plaintiff must prove the following three

---

[20] Id. ¶ 11.
[21] Id. ¶ 26.
[22] Id. ¶ 12.
[23] Id. ¶ 13.
[24] Id. ¶ 18; *see id.* ¶ 14.
[25] Id. ¶ 15.
[26] Id. ¶¶ 16-20.

elements: (1) delivery of the goods to the initial carrier in good condition, (2) damage of the goods before delivery to their final destination, and (3) the amount of damages."[27]

Here, the allegations sufficiently state a cause of action under the Carmack Amendment. First, the allegations establish that the beef was initially provided to INZL in good condition.[28] Second, those allegations further provide that the beef was damaged and totally lost prior to its delivery to GSFC and that, as a result, Nicholas Beef suffered actual losses in the amount of $123,470.30.[29] Accordingly, the allegations sufficiently set forth all three *prima facie* elements of a claim under the Carmack Amendment. Nicholas Meat has therefore adequately stated a claim for relief and is entitled to default judgment.

### C. Damages

Because Nicholas Meat has adequately stated a claim against INZL, the only remaining consideration is the amount of damages to which Nicholas Meat is entitled. Nicholas Meat has provided a declaration from James C. Clark, Esquire, attesting that Nicholas Meat has been damaged in the amount of $123,473.30 and is further entitled to $4,912.60 in interest, for total damages in the amount of

---

[27] *Beta Spawn, Inc. v. FFE Transp. Servs., Inc.*, 250 F.3d 218, 223 (3d Cir. 2001) (internal quotation marks omitted). *See AMG Res. Corp. v. Wooster Motor Ways, Inc.*, 796 F. App'x 96, 100 (3d Cir. 2020) (noting that, despite numerous amendments to the statute, "[t]he elements of the *prima facie* case have remained constant").

[28] Doc. 1 ¶ 26.

[29] *Id.* ¶¶ 14, 15, 18.

$128,385.90.[30] Nicholas Meat will therefore be awarded damages in the amount of $128,385.90.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Nicholas Meat is entitled to default judgment, and its motion will therefore be granted and appropriate damages awarded.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[30] Doc. 8-1 ¶¶ 12-14.